Thank you, Your Honor. May it please the Court, my name is Trevor Jefferson. And appearing at counsel table and on brief is Nicole Thorpe. We're of Latham and Watkins in Menlo Park. And we are pro bono counsel for Mr. Christopher A. Jones of Nevada. Mr. Jones' amended complaint stated three valid claims for Section 1983 relief in his complaint. First, a violation of his access to the courts by the officers, the correction officers' wanton destruction of his legal research and papers during a cell move and second, the officers' disregard for Mr. Jones' medical prescription from his doctor that he avoid any physical exertion, heavy physical exertion, or he could risk injury to his back or his numerous surgically repaired limbs. And then direct contravention of this order, the officers told him to engage in activity that would have been against his doctor's prescription and that violated his Eighth Amendment rights. And finally, in retaliation for him complaining about these grievance by grievance and in complaint, the officers violated his First Amendment rights by trying to silence him and filing false disciplinary reports that would result in him losing privileges and being harmed by their actions. Now, Mr. Jones is a pro se litigant whose complaint should be liberally construed and all facts at the stage of his complaint should be taken as true and as they are alleged. And it's that which that is what the court failed to take into account in dismissing Mr. Jones' complaint under 12b-6 or Rule Section 1915d. Now, the injury required in each of his cases, specifically the three accounts we just alleged, is apparent from the complaint itself. First, in the denial of access to the courts, Mr. Jones pled the existence of numerous cases in which he was involved, two of them being his civil rights complaints against the prison conditions he was being kept in, and one being his direct criminal appeal. Counsel, is it possible to tell which claims were affected on the access to courts' claim? In other words, it also appears that there's something like a malpractice claim involved somewhere along the way, which would not be a constitutionally required claim. Is it possible at this stage to parse that claim? Is it possible to parse out which case he's talking about? From the complaint itself, it appears he does, on the first page, he states he has three, five cases actually pending, one, a couple of them, I think, being the actual malpractice claims you referred to. He does make a specific reference to one case, the malpractice case, but he also then goes on to say that also his opening brief was denied. In what case? He does not specify. Do you know? I'm sorry? Do you know what case? No, I do not know. I mean, from his complaint, it appears that he was listing the complaints, the things he was involved in at the time in relationship to the cases he had going at the time, and he kept all his legal materials together according to the facts alleged in his complaint. Do you know what it means when he says his amended opening brief was denied? Does that mean he lost the case, or he was not allowed to file it, or, I mean, do you know anything about the background of that allegation? His – I do not know the details of the background of that allegation. I do know he said that the brief was rejected, in his words. But at least from the words that he wrote in his complaint, we do know he was injured, at least in several instances, not only in opening brief, but in also not being able to prosecute certain claims because the evidence being the transcripts that were included in his locker and the materials that he tried to carry with him to his cell, or the actual briefs, the information necessary to put in the briefs themselves, the legal research and the cases he had sent to him from outside sources were destroyed. In this particular case, in line with the Ninth Circuit's case law, if taking criminals' transcripts from a criminal trial, presuming that he does have a criminal appeal pending, which he does allege, would be grounds for denying access to the courts, even if the guard didn't know they were criminal transcripts. I think in this case, he's alleging that the guard knew she was going through his criminal and papers that he had filed with respect to his civil rights complaint. Ginsburg. You mentioned when you began that the Petitioner needs to allege an injury cognizable under the Eighth Amendment. What is the injury alleged for the March incident? In this particular case, the injury alleged would be the denial of his opening brief, Judge Wardlaw, as well as the sort of destruction of his transcripts. He clearly states that he had criminal transcripts from his trial that would have been necessary for his direct appeal, as well as for his malpractice claims. In this particular case, he had two civil rights cases pending, those civil rights cases being related to his criminal confinement in prison, as well as the direct criminal appeal that was going on. So the injury in this case would be his inability to file those papers and his inability to complete the proof necessary to get them at the proof necessary to produce the papers. What I was talking about was this March incident where Becky Lopez was ordering allegedly ordering him to move a box, but he didn't move it. And then she screamed and yelled at him. I'm sorry. Was there an injury at that point? There is no direct injury. It's in the Reed incident that he – which followed, where he was again told – and Officer Reed, by the way, was supervising the original move, and so knew of the same – knew of the same facts – where he was not directly injured. However, he – it is that – the interference with the medical treatment at that point is as if he was denied access to medicine. In this case, the medicine was prescriptive to stay away from physical exertion and activity that would hurt the nine pins in his ankle or his twice surgically repaired back. And in that case, Officer Lopez's intent was clearly to cause harm. But if there's no harm, is there a claim? Well, the – If there's no alleged actual harm that follows, that it merely remained potential, would that be sufficient? I think under this Court's ruling in Shapely – in the Shapely case, it would be – it would be a – it would be a harm. In Shapely, I believe the prisoner was – his surgery was delayed by the prison, even though there were two doctors who told him that he should have this knee surgery. The prison delayed, and eventually, although I think he did get the treatment, that the harm was in the – was in causing this delay in treatment. And so there was some injury or potential injury. And in that case, I think the Eighth Amendment actually protects against both sort of prospective harm, the future harm that could be done, ordering another – ordering this prisoner to continually move his heavy material from cell to cell, as well as the specific – the specific harm of – in Mr. Jones's case, which was he did – was which was then carried up, and then he was required to push it back in. So you're – or he's asserting either psychological harm or an increased risk of future injury? Is that what you're saying? Yes, Judge Wardlaw. What we're saying is – And that there was no immediate physical injury. There were other types of injuries that were either put at increased risk or created by this action? There's certainly an – certainly a substantial risk of harm when you order the prisoner to push and move this heavy material, and that that – that physical harm is exactly what we are alleging Judge – Officer Reed and the – Officer Lopez, I'm sorry, in the March incident, as you called it, was clearly aware of and had the intent to harm by forcing him to do it. Even – even though his actual complaint simply says it was a risk of injury, he doesn't allege that I see psychological harm immediately happening to him or anything other than the risk. No. No, he does not. No, he does not make any specific reference to that. And it's those types of incidents in general – and I'll quickly address the retaliation claim that led to – that Mr. Jones alleges were harmed by the continual sort of false disciplinary reports that were designed to both silence him in the court complaint as well as silence him in writing grievances against the guards for engaging in this type of behavior. If there are no further questions, I'll reserve the remaining time for rebuttal. Thank you. Thank you. Mr. Wong. Good morning, Justices. Good morning, Counsel. I am Dan Wong. I'm with the Nevada Attorney General's Office, and I represent the correctional officers in this case. The first thing I want to do is to clarify our belief that your review of this matter is the noble, and therefore, I'd like to strike the citation in the first paragraph of my supplementary answering brief because that was an issue raised in the reply. It's very clear that – well, I made that citation because of the wording that Judge Reid used about this being a frivolous complaint, and I would believe that it is unclear. However, he did dismiss this using the terminology that Mr. Jones failed to state a claim upon which relief can be granted. Therefore, the clear standard for your review is the noble. I'm going to go right to the questions that were asked by the Justices, and Justice Graber asked if it's possible to tell on issue number one which case he was injured in, and I assert to you that it is very clear. In the third – in the Second Amendment complaint, which was Inmate Jones' third attempt at doing a complaint, he, at that time, added paragraph 9, 10, 11, and 12, and it's very clear from a plain reading of those paragraphs that those paragraphs refer to his attorney malpractice case. And as Justice Graber pointed out, the attorney malpractice case is not a case that has constitutional import. The case law is very clear that it has to do with criminal conviction or a civil rights action. So the only thing that Inmate Jones alleges in count one where he claims there was a denial of access to the courts was in this attorney malpractice case. So are you telling us that it relates to the attorney malpractice case from independent knowledge, or is this simply your interpretation of the pleading? I believe it's plain on its face, Your Honor, from the complaint itself. Well, assume that it's not plain on its face. Assume that there's an ambiguity and it's possible that the delay relates to the criminal appeal, for example. What should our response be if we think it's unclear? Very clear based on the United States Supreme Court case of Lewis v. Casey and the Ninth Circuit case of Sands v. Lewis. The inmate must allege a specific injury. He fails to do that in all of his criminal complaints. Well, if the only thing that's unclear is which case this refers to, it's otherwise quite specific. There's a problem with the opening brief. There's a problem with the deadline. There are injuries that are stated. It's just not clear which case there's. So you think that rather than allow him the opportunity to define which case this is, it's supposed to be dismissed? I respectfully submit that the best he does with regard to a specific injury on his access to court's claim is where he says there was a severe and significant disruption in his ability to litigate the cases. What I look at is what the United States Supreme Court says there has to be actual prejudice with respect to a contemplated or existing litigation such as, and the Supreme Court goes on to say specifically, inability to meet a filing deadline or present a claim. Right. Now, this is, however, a 12b-6 motion to dismiss. And so we have to look at his allegations and construe them to be true, take them at face value. He doesn't have to prove all of that right now. He just has to allege enough for notice pleading for it to state a claim which he can later prove. And by saying that his opening brief was rejected and he didn't have his materials so he couldn't file a I mean, he says that. He doesn't use the words actual prejudice. Isn't that sufficient? Let me clarify. This is not a situation where the correctional officers filed a motion to dismiss. This is a situation where Mr. Jones attempted on multiple occasions to file a sufficient complaint. Judge Reed reviewed all three of them. And even after the second one said, this fails to state a claim. Does that make a difference? Don't we apply the same standard in reviewing it as a 12b-6 dismissal for failure to state a claim? I agree that you take all of the allegations of the inmate as true in reviewing this. However, my point is, is that I believe the United States Supreme Court and Ninth Circuit has said in the cases I've previously cited, there must be an allegation of a specific injury. I would submit to you that in his complaint, and we're looking at the last one, the Second Amendment complaint, he does not make a specific enough allegation regarding injury to meet the standards set forth by the Ninth Circuit in Sands v. Lewis and the United States Supreme Court in Lewis v. Casey. Let's assume for a moment that the legal action, the last couple of paragraphs referred to, is not the legal malpractice action. Let's assume it's a civil rights action pertaining to prison conditions, something that he is entitled to bring. I read this, and it is not as explicit as it might be for sure, but it does indicate that brief was denied, motion for rehearing was denied. It's easy to infer from that that the action failed or he wouldn't have brought a motion for rehearing. And implicit in all of that is the suggestion, but for the deprivation of materials, I would have been able to pursue this meritorious claim. Isn't that sufficient to allege an actual injury? One of the things I would argue to Your Honor is his allegation is that he failed, was unable to file a minute brief. And I'm working on your assumption that it doesn't refer to the malpractice case. I don't know what it means. It's confusing, but I accept that. This is what we're stuck with. Okay. So then the point is, is he was allowed, his allegation is he was unable to file an amended opening brief. That tells me, and it's apparent on his face, he was able to file his opening brief. By being able to do that, he, in fact, has access to the court. So the fact that he ---- Well, all of this sounds to me like an argument for summary judgment or potentially even an argument for trial, but it doesn't seem to me to negate the fact that there's enough here to allow him to require you to answer. I mean, that's all we're talking about at this stage of the litigation. And you're kind of making a summary judgment argument, it seems to me. Well, I understand what you're saying, Your Honor. But I would assert that based on the United States Supreme Court and the Ninth Circuit case of Sands v. Lewis, that there must be at this stage, not at summary judgment stage, but at this stage, there must be an allegation of specific injury that's clearly related to either his criminal appeal or his civil rights action. And believe me, if he had ---- if he could, he would have. He could have been. Counsel, you're almost out of time. Is there anything you wanted to say about the medical claims or the retaliation claim? Yes, Your Honor. Thank you very much. Just very briefly on the deliberate indifference claim, I would rely on Wilson v. Seter. This is a deliberate indifference claim, and a deliberate indifference, in fact, does apply to conditions of confinement case. And this is clearly a condition of confinement case, not a deliberate indifference on medical care case. And according to Wilson v. Seter ---- Wait a minute. Wait a minute. Why isn't forcing someone who has nine pins in his leg and back surgery and all this to lift a heavy box when officers knew of the medical condition and petitioner deliberate indifference to that condition? Well, the point is, as the magistrate pointed out in her order, he refused to order. The allegation is that ---- It's still deliberate indifference, whether he ---- They're ordering him to do it, notwithstanding knowledge of and the fact of his medical condition is still deliberate indifference. The question then is, was there objective indicia of some sort of harm? I agree that in order to have a deliberate indifference charge ---- I believe the law says that in order to have a deliberate indifference on a condition of confinement case, there has to be harm to the inmate. Counsel, in the second incident, he claims, quote, extreme back pain. He could not walk straight. He reported the injury and received medication for that. Why isn't that a sufficient injury? Well, I would argue that the district court judge in this particular case had the right to look at the entire picture. That's not my question. Why isn't extreme back pain, inability to walk straight and requiring pain medication an injury? Are you talking about the Lopez situation or the Reed situation? The Reed incident. All right. On the Reed situation, that's his allegation. That's right. And we have to take that as true at this stage, correct? Yes. That's what the case law says. All right. Okay. And so ---- I would argue to Your Honor that the district court had the right to look at the entire case, and the fact that he refused admission to the infirmary is indicative of whether or not there was, in fact, a serious medical need for him in this particular situation. I mean, the mere allegation to me is not enough. It seems to me that there should be more to establish actual injury. All right. And just going quickly to the ---- Retaliation claim. Let me ask a question. What was the legitimate penological interest that was served by Lopez filing criminal, frivolous and false criminal complaints against Petitioner? Well, I can't answer that because we obviously haven't gotten to the case. We haven't gotten into the case yet. However, my argument ---- Isn't that the problem here? On the face of it, he's saying she filed these false and frivolous complaints against him, which had serious detriment to him being in the prison, negative credits and all of that. And he's saying it was in retaliation. And what legitimate reason could there be for her having filed those complaints? At this stage, the allegation that the correctional officer's action did not meet a legitimate penological reason is one of the factors that he must allege. What he's missing in this claim is the allegation that there was a chilling effect on his claim. So my belief is at this stage, he has to make all of the allegations. I guess it is a question of fact as to whether there was a chilling effect because he did continue to pursue his claims, didn't he? My argument, Your Honor, is it's not a question of fact. There are requirements for an inmate to complete in filing a complaint, he missed the element of chilling effect, which is required by Resnick. Your Honor, I'm out of time. I'd be happy to answer any other questions. No. Thank you very much. Thank you. You have some rebuttal time remaining. If you would specifically address the chilling effect question that was last discussed, I'd appreciate that. Certainly. The retaliation – in the retaliation claim, the First Amendment doesn't just protect the faint of heart. The fact that Mr. Jones continued to actually complain about the conditions, either through the grievance process or through complaints, some of them being legitimate complaints that are clearly before the Court in this case, does not mitigate the fact that there is no First – there's no constitutional right for a guard to file false disciplinary reports. This Court's cases have certainly bared that out in the – in the Hines v. Gomez case – Hines case. And upon de novo review of this – Mr. Jones's complaint, the issues raised by the State of Nevada in particular are summary judgment issues. They're elements of fact and evidence that would go toward the weighing of the credibility or the depth of Mr. – or severity of Mr. Jones's injuries. And in particular, for example, in the Sixth Amendment issue, he noticed that the injury was denial of his opening brief, denial of several motions for reconsideration that were then pending, and combined with the fact that we know that Officer Lopez destroyed parts of his trial transcript, his criminal trial transcript, that this is clearly part of the injury that's been alleged. And finally, with respect to the Eighth Amendment case, it is the – our position that it is a medical – a denial of medical treatment. And this particular – not denial of medical treatment, but denial of a doctor's orders prescribed to actually improve Mr. Jones's health, that the officers in each incident, when they interfered with that treatment, they broke the Eighth Amendment and violated Mr. Jones's rights. Thank you. I would like to particularly thank counsel from Latham & Watkins for participating in the pro bono program. It's of great use to the court that people are willing to take on these cases, and we really appreciate it greatly. And the case just argued is submitted.
judges: Graber, Wardlaw, Clifton